**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ARTHUR LEE,**

        **Plaintiff,**

    **v.**                        **CASE NO. 10-3249-SAC**

**(FNU) ASHE,**
**et al.,**

        **Defendants.**

**O R D E R**

This civil complaint, 42 U.S.C. § 1983, was filed pro se by an inmate of the Texas Department of Criminal Justice in Huntsville, Texas. The named defendants are (fnu) Ashe, Sheriff, Wyandotte County, Kansas; and employees at the Wyandotte County Adult Detention Center (WCADC): Sharon Gibson, (fnu) Chavez, and (fnu) Shandez. Plaintiff has filed five "addendums" to his Complaint.

Mr. Lee variously encaptions this action in the United States District for the Tenth District of Kansas Western Division; the United States District Court for the Tenth District of Texas Western Division; and the United States District Court for the Northern District of Kansas Wyandotte Division. This is the United States District Court for the District of Kansas. There is no Tenth, Western, Texas, Northern, or Wyandotte District or Division of this court. If plaintiff intended to file this action in a state court in Wyandotte County, Kansas, or in a Texas court he sent his complaint to the wrong court. If that is the case, he must inform this court that this action should be dismissed, and he must file his complaint in the appropriate state court. At this time, the court assumes that plaintiff intended to file his complaint in this

United States District Court for the District of Kansas.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Mr. Lee has filed a Motion for Leave to Proceed in forma pauperis. He has attached a certified statement to his motion that indicates a zero balance in his inmate account and that there has been no activity in that account for a six-month period. Based upon this information, the motion shall be granted.

The fee for filing a civil rights complaint is $350.00. Plaintiff is forewarned that under 28 U.S.C. §1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).[1]

**ALLEGATIONS AND CLAIMS**

Plaintiff's "statement of claim" includes the following. Defendant Gibson "abused her position in records to run Lee down on computers to obtain abusive writs to oust Lee from his home via Pff;" defendant detectives Shandez and Chavez "deliberately violated" plaintiff's due process and assisted Gibson "in retalliation (sic), harrassments (sic);" "Gibson children and Gibson hit plaintiff in head pistol." Wyandotte Center Hospital violated plaintiff's needs for extreme medical problems, denied surgery,

---

[1] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

"Hernia Blood sugar," many nights "locked in, no help." Plaintiff seeks money damages from Gibson, detectives Shandez and Chavez, and the hospital. He also asks that charges be filed on Gibson for assault.

Plaintiff's first "Addendum Motion Additional Complaint" docketed as "Supplement" alleges that due to legal lies of defendant Gibson "and her collegues (sic)" his "ownership joint tenecy (sic) was taken and he was bullied and coerced to give up his ownership of 4312 Georgia "as his health and life safety were threatened" at the WCADC. Plaintiff alleges theft of his property including a black diamond ear stud and onyx ring valued at $8,000, his investment in the "home health life of Gibson's family loss of $17,500." He also alleges loss of musical equipment and much of his equipment for livelihood.

Plaintiff's "P.f.A's Addendum Motion" docketed as his second Supplement adds that his "ex-domestic partner conspired with his daughter, brought son over, hit Lee in head." It also adds that "City Police Detective Chavez" used "bogus withhunt" to post charges on Lee in retaliation, and helped Gibson "aggressively retaliate" by informing Gibson about Lee "attempting" and alerting her about Lee's "Icf" Jail inter-dept, complains (sic)."[2] He alleges that Sheriff Ashe was "no help." He adds that "Medical Dept failed to convey" him to hospital for highly critical surgery, improper treatments, life threatening." He alleges "Gibsons collegues" gossiped, harassed including mental and physical abuse "via Gibson."

---

[2] These allegations, in particular, simply do not provide any information as to what actions defendants Chavez and Gibson took, and how Mr. Lee was injured by their actions.

3

In his "Addendum" docketed as plaintiff's third Supplement, Mr. Lee seeks discovery and subpoenas and adds the following allegations. During his relationship with defendant Gibson, she used her office including searches and background checks to abuse privacy act, to gossip, and to intimidate and harass in her relationships with men. He was pushed by Gibson's "man-size" 16-year old daughter while he was residing with defendant Gibson. He was assaulted with pistol by Gibson, her daughter Jordan, and her son Jarrel. He was jailed and later in prison. His mental status, demeanor, thought process, walking, talking, working are damaged for life. He was mistreated in Gibson's jail. Gibson was not allowing solid sleep, wrong diets, cold rooms, mean, hateful treatment, gossip. He received no surgery for hernia, even worse now, needed to see neurologist, and blow to head has him dizzy, speech impediment, headaches, sleepless, confused. He also claims "bad hospital staff head doctor, medical director, "incorrect care diabetis (sic)," no buzzers in cell or apathetic officers, and "collegues (sic) of Gibson ignoring medical needs." In this pleading, he seeks an injunction blocking Gibson, Chavez, Shandez from their positions until this proceeding is over. He questions "judge who offered P.f.D.s restraining orders without proof and seeks a "revamp" of this policy to protect wives/husbands "just wanting co-owners of homes out to cheat on partners spouses." He asks the court to "amend cause" to add State of Kansas as defendants as well as Sheriff Ashe, Sharon Gibson, Detective Chavez, Shanez, Medical Dept., and Municipal Court. He asks for 7 million dollars for mental stress, suffering from August assault, post traumatic stress, conditions at WCADC, blocking mail, legal contracts, and

4

denying phone calls to friends/family via cell phone.

In plaintiff's "Addendum Amendments to Claim" docketed as his 4th Supplement, he asks the court to amend the amount of damages again. He seeks compensation for his care, his medical condition, and states that he hasn't gotten better due to the Texas system. He asks the court to stop all checks to defendants and their employment. He asks for an outside doctor, but states that he will be out soon.

**SCREENING**

Because Mr. Lee is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal

5

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court employs the same standard for dismissal under § 1915(e)(2)(B)(ii) as that used for motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The court accepts all well-pleaded allegations in the complaint as true and considers them in the light most favorable to the nonmovant. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. Twombly, 550 U.S. at 558. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. "Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the

defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1163 (10th Cir. 2007).

The complaint and the "supplements" filed in this case are generally incomprehensible, vague, and jumbled. Plaintiff has not described unconstitutional acts taken by each named defendant and provided requisite underlying facts such as the dates and location. His claims of retaliation, harassment, bogus charges, abusive or unconstitutional conditions, and abusive acts are all completely conclusory. Thus, the court finds that plaintiff has utterly failed to state sufficient facts to support a federal constitutional claim.

Moreover, plaintiff's allegations do not indicate that all the acts of which he complains were taken by persons acting under "color of state law." Plaintiff may not sue private individuals for damages or seek the filing of charges against them in federal court under § 1983 for assault or deprivation of property. Nor may he sue a private hospital for negligent treatment or malpractice under 42 U.S.C. § 1983. Furthermore, he may not challenge custody decrees, domestic matters, or sue "municipal court" under § 1983.

Plaintiff may sue under § 1983 for claims of denial of necessary medical treatment by a person acting under color of state law, such as a jailer. However, he does not provide the names of the persons who actually denied him medical treatment while confined in Kansas along with the dates, location, and circumstances of those denials. He may not sue in Kansas for alleged denial of medical treatment in Texas. The court finds that plaintiff has not alleged sufficient facts to state an Eighth Amendment claim of denial of

medical care.

The court also notes that in order to add claims to a complaint that were not raised in the original complaint, a plaintiff must file an Amended Complaint. See Fed.R.Civ.P. Rule 15. An Amended Complaint completely supercedes the original complaint, and therefore must contain all claims the plaintiff intends to pursue in the action including those raised in the original complaint. Any claims not included in the Amended Complaint shall not be considered. Plaintiff may not add claims to his original complaint by simply filing an "addendum" or other paper in which he alleges additional claims. Accordingly, the court finds that the complaint has not been properly amended in this case.[3]

Finally, the court notes that plaintiff appears to have improperly joined parties and claims in this single complaint. FRCP Rule 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Id. FRCP Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." While joinder is encouraged for purposes of judicial

---

[3] Plaintiff is also advised that any request for discovery, the issuance of subpoenas, or other action by the court must be sought in a separate motion that has the case caption and number on the first page, the title of the motion in the caption, and the facts and reason for the requested action. Any such requests imbedded in "Addendums" shall not be considered as they were not presented in proper motions.

economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)(citation omitted). The Court of Appeals for the Seventh Circuit held in George, that under "the controlling principle" in FRCP Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." George, 507 F.3d at 607. Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id. It also prevents prisoners from "dodging" the fee obligations[4] and the three strikes provisions[5] of the Prison Litigation Reform Act. Id. (FRCP Rule 18(a) ensures "that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." Id.

For all the foregoing reasons, the court finds that the

---

[4] 28 U.S.C. § 1915(b)(1) and (2) pertinently provide: "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." To that end, the court "shall assess" an initial partial filing fee, when funds exist, and after payment of the initial fee, the prisoner "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Id.

[5] 28 U.S.C. § 1915(g) provides: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
.

complaint filed in this case fails to state a claim upon which relief may be granted, and should be dismissed. Plaintiff is given time to file an Amended Complaint that cures the deficiencies discussed herein. If he fails to file a complete, proper Amended Complaint, with this case number in its caption, that cures all the deficiencies within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to file an Amended Complaint in this case that cures the deficiencies discussed herein.

The clerk is directed to send plaintiff § 1983 forms.

**IT IS SO ORDERED**.

Dated this 20th day of April, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge